**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HARRY SAMIT[1] | * |
| | * |
|     Plaintiff, | * |
| | * |
| v. | *   Civil Action No: 22-_____ |
| | * |
| DEPARTMENT OF JUSTICE | * |
| 950 Pennsylvania Avenue, N.W. | * |
| Washington, D.C. 205301 | * |
| | * |
|     Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**[2]

Plaintiff Harry Samit ("Samit") brings this action against Defendant Department of Justice ("DOJ"), for whose actions its component the Federal Bureau of Investigation ("FBI") it is responsible for, seeking injunctive and declaratory relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the All Writs Act, 28 U.S.C. § 1651, and the First Amendment to the Constitution of the United States.

Defendant DOJ/FBI has unlawfully imposed a prior restraint upon Samit by delaying, obstructing and infringing on his constitutional right to publish his unclassified manuscript entitled "Because There *Are* Monsters" ("Manuscript") by improperly redacting information and failing to timely complete its prepublication classification review.

---

[1] Pursuant to LCvR 5.1(c)(1), as revised March 23, 2022, the Plaintiff's home address is being filed under seal with the Court in a separate Notice of Filing.

[2] This Complaint was drafted entirely by legal counsel who is not subject at this time in this specific case to any prepublication review requirement, nor was any classified information relied upon or reviewed.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate in this District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

3. Samit served as an FBI Special Agent for more than two decades (1999-2020) and was assigned to the Minneapolis Field Office for his entire career. He served as the lead case agent on the Zacarias Moussaoui 9/11 terrorism investigation both prior to and following the terrorist attacks in New York, Washington, D.C, and Shanksville, Pennsylvania.

4. Defendant DOJ is an agency of the United States as defined by 5 U.S.C. § 701 and subject to the jurisdiction of this Court. The DOJ, through the actions of its component FBI, has unreasonably delayed and infringed upon Samit's protected First Amendment rights by censoring unclassified portions of his Manuscript and failing to timely complete its final classification review.

## FACTS

5. Samit submitted his 852 page Manuscript to the FBI for prepublication classification review on April 1, 2021.

6. "Because There *Are* Monsters" is a true crime/intelligence memoir describing Samit's first nine years assigned to the Minneapolis Joint Terrorism Task Force ("JTTF"). Following a discussion of Samit's background and quest to become an FBI Special Agent, the substantive portion of the Manuscript begins in Spring 1999 with his

arrival in Minneapolis and assignment to the JTTF. The Manuscript discusses unclassified details regarding a number of investigations, both terrorism and non-terrorism, that will catch the reader's attention. The terrorism cases are particularly important not merely to illustrate what the FBI Field Office in Minneapolis was doing to thwart terrorism before 9/11, but also because they demonstrate the kinds of sophisticated, creative, and audacious steps the JTTF was taking to target Al Qaeda in the early days of the War on Terror. The Manuscript refutes the contention by FBI officials that the Minneapolis Field Office and Samit were inexperienced when the fateful events of August and September 2001 began to gather momentum.

7. The centerpiece of the Manuscript is a description of the Moussaoui investigation and trial. In addition to a detailed narrative description of the dramatic days between the opening of the investigation on August 15, 2001, and the attacks that occurred not even one month later, Samit reveals the blunders and misconduct committed by FBI Headquarters officials, to include the events on that fateful tragic day of September 11, 2001. The Manuscript describes the 4 1/2 year effort to prosecute Moussaoui against the backdrop of other FBI Minneapolis counterterrorism investigations.

8. Throughout the time the FBI Headquarters-run PENTTBOMB team was investigating the attacks and preparing to try Moussaoui, those in the Minneapolis Field Office were continuing to battle Al Qaeda and arrested two other operatives – Mohammed Warsame and Mohamed Kamal El Zahabi – in 2003 and 2004, respectively. Both individuals were exceedingly dangerous Al Qaeda operatives and their stories, including El Zahabi's largely uninvestigated role as a senior figure directing the 9/11 attacks from inside the U.S., are revealed in detail for the first time. Regrettably, the two

subjects escaped appropriate punishment for their crimes and the Manuscript explains why Samit believes that occurred.

9. The Manuscript also discusses the FBI's efforts and activities to disperse the blame for the 9/11 attacks and ignore/conceal the cultural and organizational flaws which caused the mistakes that cost our nation so much. None of the national security investigations discussed in the Manuscript were opened later than 2003 and all were closed more than a decade ago.

10. The FBI Prepublication Review Office ("PRO") acknowledged receipt of Samit's Manuscript on April 6, 2021. At that time, the FBI PRO estimated that consultations and research during the review process would take approximately 120 – 180 business days.

11. On May 24, 2021, the FBI PRO informed Samit that "[t]here are sensitivities identified and deletions/edits will be required on a couple of pages."

12. On August 18, 2021, the FBI PRO informed Samit that there are "two agencies who have responded for their equities - both of which have identified sensitive information. I have two other agencies who are still finalizing review."

13. On December 3, 2021, the FBI PRO informed Samit it was "unable to promise a closure date at this time."

14. On March 10, 2022, the FBI PRO notified Samit it was "[w]aiting on final signature for first interim release. (There are redactions). Second interim is on it's way to CTD for final signoff as well. (Minor redactions)."

15. On August 11, 2022, the FBI PRO informed Samit that "[w]e anticipate releasing Parts 1 and 2 by September 15, 2022." It was also noted that there are five parts being reviewed.

16. On September 14, 2022, eighteen and a half months after the initial submission, the FBI PRO finally responded to Samit that "Prepublication review has been finalized for your first interim release for pages 1-400 or the first two parts of your manuscript." An approval letter and a copy of the redactions applied by the FBI and Other Government Agencies was provided. It was also noted that Samit's Manuscript "is exceptionally lengthy and contains extensive information on various sensitive matters requiring equally extensive research and consultations with our subject matter experts/Other Government Agencies."

17. At the time of the filing of this Complaint, more than half of the Manuscript remains pending review and any classification determinations.

18. Until such time as Samit receives final approval from DOJ/FBI or authorization from this Court, he is restricted by his past secrecy agreements and statutes from disseminating the unreviewed portions of his Manuscript.

19. Upon being informed by DOJ/FBI of the existence of alleged classified information within his Manuscript, Samit is prohibited from drafting any substantive responses that knowingly contain the challenged classified information and he will need access to a secure, stand-alone government computer to provide any arguments specifically as part of this lawsuit. He is also prohibited from disseminating the unreviewed portions of his Manuscript or from revealing the identified redacted information, including to his attorneys, literary agents and/or publisher. Failure to abide by these prohibitions risks administrative, civil and/or criminal liability.

## FIRST CAUSE OF ACTION
### (FIRST AMENDMENT/DECLARATORY JUDGMENT - RIGHT TO PUBLISH - CLASSIFICATION CHALLENGE)

20. Samit repeats and realleges the allegations contained in paragraphs 5 through 19 above, inclusive.

21. Samit properly submitted, pursuant to one or more secrecy agreements, his Manuscript for prepublication review.

22. To the best of Samit's knowledge and understanding, the Manuscript does not contain any classified information.

23. DOJ/FBI is legally prohibited from precluding Samit from publishing anything other than classified information.

24. DOJ/FBI has failed to show that Samit's First Amendment right to publish unclassified information is outweighed by the government's interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjecture.

25. DOJ/FBI has failed to demonstrate the existence of substantial government interests that would enable it to prohibit the publication of unclassified information within Samit's Manuscript.

26. DOJ/FBI's restrictions imposed upon Samit have been unduly vague and were not narrowly confined to avoid infringement of his First Amendment rights to publish unclassified information. They have unnecessarily restricted unclassified speech that does not serve to protect any substantial government interest.

27. Because DOJ/FBI has impermissibly infringed upon Samit's right to publish unclassified information in his Manuscript it has violated Samit's First Amendment rights.

28. Samit has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, and/or lost or jeopardized present or future financial and employment opportunities.

## SECOND CAUSE OF ACTION
## (ADMINISTRATIVE PROCEDURE ACT – UNREASONABLE DELAY)

29. Samit repeats and realleges the allegations contained in paragraphs 5 through 19 above, inclusive.

30. Samit properly submitted his Manuscript to FBI for prepublication review on April 1, 2021. Samit was informed by FBI on September 14, 2022, that only 400 pages of an 852 page Manuscript had been reviewed and approved for release, as edited.

31. DOJ/FBI is required to complete the prepublication review of submissions within a reasonable period of time.

32. DOJ/FBI has unreasonably delayed completing its final review of Samit's Manuscript, as well as arbitrarily and capriciously failed to cooperate with Samit to minimize/eliminate any already identified concerns.

33. By unreasonably delaying completion of its classification review, DOJ/FBI has impermissibly infringed upon Samit's right to publish the information contained within his Manuscript. Thus, Samit has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, a delay in being able to timely on information of public interest, and/or lost or jeopardized present or future financial opportunities, which impairs his ability to serve the public.

## THIRD CAUSE OF ACTION
### (FIRST AMENDMENT/DECLARATORY JUDGMENT – ACCESS TO ALLEGED CLASSIFIED INFORMATION)

34. Samit repeats and realleges the allegations contained in paragraphs 5 through 19 above, inclusive.

35. In order to be able to fully protect Samit's First Amendment rights his legal counsel will require access to any alleged classified information DOJ/FBI claims is contained within the Manuscript. Upon information and belief, the undersigned legal counsel both hold valid and current security clearances that would permit a review of the relevant information.

36. Additionally, Samit (and when appropriate his cleared legal counsel), in order to fully protect his First Amendment rights, will also require access to any DOJ/FBI submitted classified declarations supporting its classification decisions so that a full and proper substantive response can be provided to the Court for its consideration. Of course, access to any claimed classified information should only be provided to the level of security clearance held by Samit and/or his counsel and if necessary their clearance levels should be considered for higher level access.

37. Samit has a First Amendment right to counsel and separately to present all arguments to the Court, *in camera* if appropriate and/or necessary, for its consideration, as well as to participate in any internal meetings with DOJ/FBI to discuss any redactions. Samit' constitutional rights extend to counsel with the appropriate level of security clearance.

## FOURTH CAUSE OF ACTION
### (FIRST AMENDMENT/DECLARATORY JUDGMENT – USE OF SECURE GOVERNMENT COMPUTER)

38. Samit repeats and realleges the allegations contained in paragraphs 5 through 19 above, inclusive.

39. DOJ/FBI has asserted that information within Samit's manuscript is properly classified. Samit was placed on formal notice that information within his Manuscript is considered by DOJ/FBI to be properly classified. Therefore, unless DOJ/FBI reverses that position or this Court determines otherwise, Samit must abide by those determinations as a matter of contractual and statutory law.

40. In order to be able to fully protect Samit's First Amendment rights he (and his legal counsel where appropriate or necessary) will require access to a secure stand-alone government computer upon which he can create documentation for this Court, to be submitted *in camera* if needed, to challenge the classified determinations issued by DOJ/FBI regarding his Manuscript.

41. Samit (and where applicable his legal counsel) is bound by various secrecy agreements and applicable statutory law so that he is prohibited from knowingly creating a document containing information DOJ/FBI considers to be classified through use of an unsecure computer system. To do otherwise will subject him (and where applicable his legal counsel) to potential administrative, civil and/or criminal penalties, including loss of security clearance, monetary fines and even incarceration.

42. Samit's undersigned counsel has been permitted by DOJ and other federal agencies on numerous occasions to utilize secure stand-alone computers to ensure

potentially classified information is fully protected. The burden on DOJ/FBI to do so is minimal, if at all.

43. DOJ/FBI's actions to prevent Samit (and where applicable his legal counsel) to merely utilize a secure, stand-alone computer upon which to create documentation for this Court's review is not designed to protect the national security interests of the United States but to solely derive a litigation advantage.

44. Samit (and where appropriate his legal counsel) has a First Amendment right to present all arguments to the Court, *in camera* if appropriate and/or necessary, for its consideration, including information that DOJ/FBI may assert is properly protected classified information. A federal court has authority to receive classified information from any party and can order DOJ/FBI to take all appropriate steps, to include permitting Samit (and where appropriate his legal counsel) access to a secure, stand-alone computer.

WHEREFORE, Plaintiff Harry Samit requests that the Court award him the following relief:

(1) Require DOJ/FBI to issue an immediate and final determination setting forth in detail any concerns it has regarding the contents of the Manuscript;

(2) Require DOJ/FBI to specifically identify those portions, if any, of the Manuscript that allegedly contain classified information;

(3) Permanently enjoin DOJ/FBI from restraining the publication of any portion of unclassified text within the Manuscript;

(4) Declare and find that the redacted text from the Manuscript is unclassified;

(5) Declare that the Federal Judiciary has the authority to receive alleged properly protected classified information from either Party;

(6) Order DOJ/FBI to permit Samit and his legal counsel, where necessary, to have proper access, subject to the execution of appropriate non-disclosure secrecy agreements, to any alleged classified information for purposes of litigating this action to include, but not necessarily limited to, the Manuscript and any submitted declarations to the Court;

(7) Order DOJ/FBI to allow Samit (and where appropriate his legal counsel) to have use of a secure, stand-alone government computer in which to draft documents that may or do contain classified information for submission to the Court, *in camera* if necessary, for consideration in this case;

(8) Permanently enjoin DOJ/FBI from prohibiting Samit (and where appropriate his legal counsel) from use of a secure, stand-alone government computer in which to draft documents that may or do contain classified information for submission to the Court, *in camera* if necessary;

(9) Permanently enjoin DOJ/FBI from prohibiting Samit (and where appropriate his legal counsel) from reviewing any submitted government classified declarations;

(10) Find and declare that DOJ/FBI violated the Administrative Procedure Act and its internal regulations governing prepublication review;

(11) Award Samit the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law;

(12) Pay appropriate compensation to Samit for any losses suffered or expenses incurred due to the delays associated with the publication of his manuscript; and

(11) grant such other relief as the Court may deem just and proper.

Date: October 17, 2022

        Respectfully submitted,

        /s/
        _____

Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for Plaintiff